# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRENDA A. COMPELUBE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-10-683-D |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of the Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Brenda A. Compelube ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405 (g) seeking judicial review of Defendant Commissioner's final decision denying Plaintiff's application for disability insurance benefits under the Social Security Act. This matter has been referred to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Upon review of the pleadings, the record ("Tr.") and the parties' briefs, the undersigned recommends that the Commissioner's decision be reversed and the matter remanded for further proceedings.

**Administrative Proceedings**

Plaintiff initiated these proceedings by protectively filing her application seeking benefits in December, 2005 [Tr. 94 - 96]. She alleged that a lower back and heart condition resulted in the inability to stoop or bend and to stand or sit for long periods and that this

became disabling as of March, 2005[1] [Tr. 115]. Plaintiff's claim was denied initially and upon reconsideration; an Administrative Law Judge ("ALJ") conducted an April, 2008 hearing where Plaintiff, who was represented by counsel, and a vocational expert testified [Tr. 18 - 55]. In his October, 2008 decision, the ALJ found that Plaintiff retained the capacity to perform her past relevant work as a telemarketer as well as other work available in the national economy and, accordingly, was not disabled within the meaning of the Social Security Act [Tr. 9 - 17]. The Appeals Council of the Social Security Administration declined Plaintiff's request for review [Tr. 1- 5], and Plaintiff subsequently sought review of the Commissioner's final decision in this court.

**Standard of Review**

This court is limited in its review of the Commissioner's final decision to a determination of whether the Commissioner's factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citations and quotations omitted). Nonetheless, while this court can neither reweigh the evidence nor substitute its own judgment for that of the ALJ, the court's review is not superficial. "To find that the [Commissioner's] decision is supported by substantial evidence, there must be sufficient relevant evidence in the record that a reasonable person might deem adequate to support the ultimate conclusion." *Bernal*

---

[1] Plaintiff subsequently amended her onset of disability date to July, 2005 [Tr. 23].

*v. Bowen,* 851 F.2d 297, 299 (10th Cir. 1988) (citation omitted). "A decision is not based on

**Determination of Disability**

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C.§§423(d)(1)(A). The Commissioner applies a five-step inquiry to determine whether a claimant is disabled. *See* 20 C.F.R. §404.1520(b)-(f); *see also Williams v. Bowen*, 844 F.2d 748, 750-752 (10th Cir. 1988) (describing five steps in detail). Under this sequential procedure, Plaintiff bears the initial burden of proving that she has one or more severe impairments. 20 C.F.R. § 404.1512; *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985). Then, if Plaintiff makes a prima facie showing that she can no longer engage in prior work activity, the burden of proof shifts to the Commissioner to show that Plaintiff retains the capacity to perform a different type of work and that such a specific type of job exists in the national economy. *Turner*, 754 F.2d at 328; *Channel v. Heckler,* 747 F.2d 577, 579 (10th Cir. 1984).

**Plaintiff's Claim of Error**

Plaintiff maintains that "[t]he ALJ erred by failing to properly weigh the medical opinions of record." [Doc. No. 15, p. 11].[2]

---

[2]Unless otherwise indicated, quotations in this report are reproduced verbatim.

**Analysis**

While Plaintiff couches her claim of error in terms of the ALJ's failure to properly weigh certain medical opinions of record in this case, she alleges that, in fact, the ALJ completely ignored two such opinions. *Id.* at 12 and 13. Plaintiff is substantially correct. The ALJ's decision makes no reference to the findings of a State agency psychological consultant, Joseph K. Kahler, Ph.D. [Tr. 635 - 650], and only one reference to the report of Minor W. Gordon, Ph.D.,[3] who conducted a post-hearing psychological functioning examination of Plaintiff at the request of the ALJ [Tr. 766 - 775].

Plaintiff is also correct in arguing that this failure by the ALJ constitutes legal error. As to the findings of a State agency psychological consultant Kahler, Social Security regulations mandate that "[u]nless the treating source's opinion is given controlling weight, the administrative law judge *must* explain in the decision the weight given to the opinions of a State agency . . . psychological consultant . . . ." 20 C.F.R. § 404.1527(f)(2)(ii) (emphasis added). Here, the ALJ did not identify a treating source whose opinion was given controlling weight; nor does the Commissioner in his brief on judicial review [Doc. No. 16]. With regard to the conclusions of consultative examining psychologist Gordon, the ALJ was once again bound by Social Security regulation to consider and weigh the opinion evidence. *See* 20 C.F.R. § 404.1527(d) ("Regardless of its source, we will evaluate every medical opinion we receive. Unless we give a treating source's opinion controlling weight under

---

[3]This single reference is to Plaintiff's statement to Dr. Gordon that she had difficulties with sleep and lacked energy [Tr. 12 and 769].

4

paragraph (d)(2) of this section, we consider [certain prescribed] factors in deciding the weight we give to any medical opinion.").

The Commissioner contends that the ALJ's legal error was harmless "because both doctors' opinions indicate that Plaintiff was not disabled." [Doc. No. 16, pp. 5 - 6]. The Tenth Circuit Court of Appeals, however, has cautioned for two reasons against a liberal utilization of the principle of harmless error in Social Security cases. *See Allen v. Barnhart,* 357 F.3d 1140, 1145 (10th Cir. 2004). First, it is the responsibility of the ALJ and not the court to find the facts. *Id.* Second, "to the extent a harmless-error determination rests on legal or evidentiary matters not considered by the ALJ, it risks violating the general rule against post hoc justification of administrative action[.]" *Id.*(citation omitted). The Commissioner's request to apply the harmless error principle requires the court to consider whether this is "the right exceptional circumstance" for the court to supply, or correct, the findings of the administrative tribunal. *Id.*

In support of his claim that the ALJ's failure to consider the doctors' opinions was harmless error, the Commissioner argues, in part, that "the record contains scant evidence of any significant mental limitation" and that "the medical evidence does not reflect any significant treatment for depression or anxiety." [Doc. No. 16, p. 6]. Nonetheless, the ALJ determined that while such impairments were not severe, Plaintiff had "medically determinable mental impairments of depression and anxiety." [Tr. 12]. Accordingly, at step four of the sequential process, the ALJ was required to "consider the limiting effects of all [Plaintiff's] impairment(s), even those that are not severe, in determining [Plaintiff's]

5

residual functional capacity."[4] 20 C.F.R. § 404.1545(e); *see also* Social Security Ruling 96-8p, 1996 WL 374184, at *5 (substantially the same). In this regard, Dr. Kahler provided the following opinion of Plaintiff's functional capacity:

> The claimant to have a Major Depressive D/O with pain-related exacerbation of symptoms. Her ability to remember and execute detailed, complex instructions may be limited at times. As situational and interpersonal stressors present themselves in her private life, she may experience exacerbation of symptoms of depressed mood, thus my rating on Item #11.[5] Because of her mood d/o, she is likely to be quite sensitive to harsh supervisory criticism, however she should be able to tolerate and benefit from respectfully offered advice and limits, and she would have no trouble accepting instruction. She appears to be capable of simple to moderately complex work, in a relatively low stress environment, with few social demands.

[Tr. 650].[6]

---

[4] Residual functional capacity ("RFC") "is the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. § 404.1545(a)(1).

[5] There, Dr. Kahler found that Plaintiff was moderately limited in her "ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number of length of rest periods." [Tr. 649].

[6] At Plaintiff's administrative hearing, her counsel asked the vocational expert to review Exhibit 18F – Dr. Kahler's Mental Residual Functional Capacity Assessment – which includes both Dr. Kahler's summary conclusions of Plaintiff's limitations in various mental activities along with his above-quoted assessment [Tr. 648 - 650]. Counsel then asked the vocational expert whether, based on her review of the exhibit, she found "any significant factors that would impede sustained work[.]" [Tr. 53]. The vocational expert responded as follows:

> A.    Yes. There are a number of moderates. In fact, there are six moderates that are marked, including number 11, which does deal with the ability to complete a normal workday and workweek without interruptions from psychologically-based symptoms, and to perform at a consistent pace without an unreasonable number and length of rest periods.

(continued...)

With regard to Dr. Kahler's opinions, the RFC formulated by the ALJ did not include the multiple mental functional limitations found by Dr. Kahler in his RFC assessment [Tr. 13]; neither did he include such limitations in his hypothetical questions to the vocational expert at the administrative hearing [Tr. 45 - 49]. And, the decision is silent on the ALJ's rationale for rejecting the consultant's opinions.[7] In asking the court to find that the ALJ's failure to properly weigh the evidence was harmless, the Commissioner has proffered possible rationales the ALJ could have employed to reject Dr. Kahler's opinions. The role of the court, however, is to evaluate the ALJ's decision "based solely on the reasons stated in the decision." *Robinson v. Barnhart,* 366 F.3d 1078, 1084 (10th Cir. 2004) (citation omitted).

---

[6](...continued)
> Generally speaking, that number of moderates can indicate a problem in sustaining work over long periods. The person could work for short periods; but then, sometimes, in holding a job and sustaining a regular workweek and workday, they sometimes have difficulties. In addition, there is a narrative on - - that states that she does have trouble - - or, that she would need a relatively low-stress environment, or she would need a relatively low-stress environment, and she would have to have respectfully-offered supervision or - - in working with a supervisor.

*Id.*

[7]The decision is also silent as to the ALJ's disposition of Dr. Gordon's opinions. In light of the finding that the ALJ committed reversible error in connection with Dr. Kahler's findings, a discussion of Dr. Gordon's opinion evidence is not necessary.

## **RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT**

For the foregoing reasons, the undersigned recommends that the Commissioner's decision be reversed and the matter remanded for further proceedings.

The parties are advised of their right to object to this Report and Recommendation by March 9, 2011, in accordance with 28 U.S.C. §636 and Fed. R. Civ. P. 72. The parties are further advised that failure to make timely objection to this Report and Recommendation waives their right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the Magistrate Judge in this matter.

ENTERED this 17th day of February, 2011.

*[signature]*
BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE